UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
(Roanoke Division)

JENNIFER LORD, *et al.*,

    Plaintiffs,

v.

SENEX LAW, P.C.,

    Defendant.

Civil Action No. 7:20-cv-00541-MFU

# SCHEDULING ORDER

### Summary

**TRIAL DATE:** July 31, 2023 – August 4, 2023 (JURY TRIAL)
9:30 a.m.

**PLACE:** **UNITED STATES DISTRICT COURT**
**210 Franklin Road, SW**
**Roanoke, Virginia 24011**

| | |
|---|---|
| DEADLINE TO CONDUCT FED. R. CIV. P. 26(f) CONFERENCE: | March 31, 2022 |
| DEADLINE TO SERVE INITIAL DISCLOSURES UNDER FED. R. CIV. P. 26(a): | April 4, 2022 |
| DEADLINE TO FILE RULE 26(f) PLAN: | April 6, 2022 |
| PLAINTIFF(S)' PHASE I EXPERT DISCLOSURE: | July 13, 2022 |
| DEFENDANT(S)'PHASE I EXPERT DISCLOSURE: | August 12, 2022 |
| PHASE I DISCOVERY CONCLUDED: | August 24, 2022 |

| | |
|---|---|
| DEADLINE TO FILE MOTIONS FOR SUMMARY JUDGMENT BASED ON PHASE I DISCOVERY: | September 14, 2022 |
| MEDIATION: | October ___, 2022 |
| HEARING ON MOTION FOR SUMMARY JUDGMENT: | November __, 2022 |
| PLAINTIFF(S)' PHASE II EXPERT DISCLOSURE: | January 18, 2023 |
| DEFENDANT(S)' PHASE II EXPERT DISCLOSURE: | February 17, 2023 |
| CLOSE OF PHASE II DISCOVERY: | March 1, 2023 |
| DEADLINE FOR PLAINTIFFS TO FILE ANY MOTIONS FOR CLASS CERTIFICATION: | March 20, 2023 |
| DEADLINE FOR DEFENDANT TO FILE ANY OPPOSITIONS TO ANY CLASS CERTIFICATION MOTION: | April 10, 2023 |
| DEADLINE FOR PLAINTIFFS TO FILE ANY REPLIES IN SUPPORT OF ANY CLASS CERTIFICATION MOTION: | April 20, 2023 |
| DEADLINE TO FILE MOTIONS FOR SUMMARY JUDGMENT BASED UPON PHASE II DISCOVERY: | May 5, 2023 |
| DEADLINE FOR FILING MOTIONS *IN LIMINE*: | May 19, 2023 |
| HEARING ON MOTIONS *IN LIMINE* AND/OR MOTION FOR SUMMARY JUDGMENT: | TBD |
| FINAL PRE-TRIAL CONFERENCE | TBD |
| JURY TRIAL: | July 31, 2023 – August 4, 2023 |

## Trial

1.      This case is set for a jury trial, scheduled to begin at 9:30 am on July 31, 2023.

2.      The parties shall contact Kristin Ayersman, Courtroom Deputy, (kristina@vawd.uscourts.gov; 540-857-5153), to schedule a pretrial conference to be held no later than fourteen (14) days prior to trial.

3.      Proposed jury instructions and special interrogatories must be filed electronically via CM/ECF at least seven (7) days prior to trial.   The parties also should email the proposed jury instructions and special interrogatories in Word format, with citations, to urbanski.ecf@vawd.uscourts.gov, and copy opposing counsel.

4.      Motions *in limine*, including motions objecting to introduction of deposition testimony and trial exhibits, must be heard no later than the final pretrial conference.

5.      Box.com will be used in the trial of this case.   Counsel must upload proposed exhibits one week prior to trial into Box.com.   It will be assumed that all exhibits have been previously disclosed and that there is no objection to an exhibit unless promptly made.   Evidence will not be displayed to the jury until it has been admitted if there is any question as to its admissibility.   Evidence display by counsel at trial is required, so that witnesses need not be handed exhibits.

## Discovery and Class Certification

6.      The Parties shall conduct discovery in two phases.   Phase I discovery shall be limited to the merits related to the individual named Plaintiffs' claims that Defendant violated the FDCPA with respect to them.

7.      Phase II discovery shall commence following hearing on Defendant's Motion for Summary Judgment hearing as to the named plaintiffs' claims or at such other time directed by the

Court following that hearing.   Issues reserved for Phase II discovery include (1) facts necessary for the parties to litigate Rule 23 class certification issues; and (2) the merits of Plaintiffs' claim that Defendant violated the FDCPA with respect to the class and class-wide factual discovery.   To the extent the Parties disagree on the relevance or scope of information and documentation sought in discovery, they will attempt to reach a compromise regarding such discovery prior to involving the Court.

## Motions

8.   All non-dispositive pretrial motions and issues, except motions *in limine*, are hereby referred to United States Magistrate Judge Robert S. Ballou, pursuant to 28 U.S.C. § 636(b)(1)(A).   Hearings on motions before Judge Ballou are scheduled by contacting Judge Ballou's chambers at (540) 857-5158.

9.   Prior to filing any discovery motions, the parties are directed to contact the magistrate judge by telephone in an effort to resolve the issue.

10.   A supporting brief must accompany all pretrial motions, unless the motion contains the legal argument necessary to support it or is certified to be unopposed.

11.   If any motion, properly filed and briefed, is to be opposed, a brief in opposition must be filed.   For all motions other than motions *in limine* and those specifically discussed herein, opposition briefs must be filed within fourteen (14) days of the date of service of the movant's brief (or within fourteen (14) days of this order if a motion and supporting brief were served before this order).   Briefs in opposition to motions *in limine* must be filed within seven (7) days of the date of service of the movant's motion *in limine*.   Except for good cause shown, if a brief opposing a motion is not timely filed, the court will consider the motion to be unopposed.   If a moving party desires to submit a reply brief, it must be filed within seven (7) days of the date of

service of the brief opposing the motion. A surreply brief may not be filed without prior leave of the court.

12. Exclusive of any accompanying exhibits, a brief may not exceed twenty-five (25) pages in length using standard margins, double-spaced lines, and a font no smaller than 12-point Garamond, unless the filing party first obtains leave of the court after showing good cause why a longer brief is necessary.

13. When a dispositive motion, together with its supporting brief and exhibits, consists of fifty (50) or more pages, the filing party must send a paper courtesy copy of the documents to Judge Urbanski's chambers at 210 Franklin Road, SW, Suite 350, Roanoke, VA 24011-2208.

14. No motion, brief, or exhibit may be filed under seal, except as allowed by the mandatory provisions of Western District of Virginia General Local Rule 9. The requirements of General Local Rule 9 may not be modified by a stipulated protective order or other agreement of the parties.

15. Motions to join the parties and amend the pleadings shall comply with Rules 15 and 19 of the Federal Rules of Civil Procedure. Absent unusual circumstances, such motions should be filed prior to the close of discovery.

16. The court does not generally schedule motions hearings. Such scheduling is the responsibility of the parties. Any party requesting a hearing must contact Kristin Ayersman (kristina@vawd.uscourts.gov; 540-857-5153), to set a hearing date. If the parties do not promptly schedule a hearing, the court will rule on the motion without a hearing.

17. Non-dispositive motions, including motions for enlargement of time, whether or not opposed, may be acted upon at any time by the court without awaiting a response.

**Witnesses**

18.     Expert witnesses who are retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony must prepare a written report that conforms to the requirements of Rule 26(a)(2)(B). Unless the parties otherwise agree or the court otherwise directs, the Partis must submit their experts' reports by the deadlines specified herein.   Supplemental and additional reports may be thereafter submitted, if submitted in sufficient time that discovery, if desired, can be completed reasonably by the discovery cutoff date without undue duplication and expense.

19.     With respect to expert witnesses who are not retained or specially employed to provide expert testimony, such as a treating physician, or other person who may qualify as both an expert and a fact witness, the plaintiff must disclose the identity of any such witnesses and provide a summary of all opinions the witness will render and the basis therefore not later than May 13, 2022.   The defendant must disclose the identity of any such witness and provide a summary of all opinions the witness will render and the basis therefore not later than June 13, 2022. Supplemental and additional disclosures may be thereafter submitted, if submitted in sufficient time that discovery, if desired, can be completed reasonably by the discovery cutoff date without undue duplication and expense.

20.     Any motion to exclude the testimony of an expert must be filed no later than the deadline for filing motions for summary judgment.

21.     The parties shall exchange lists of trial exhibits to be used in their case-in-chief and witnesses they expect to call in their case-in-chief at trial no later than July 10, 2023.   For each witness, the list shall include the witness's name and address and a summary of the witness's anticipated testimony.

**Settlement Conference / Mediation**

22.  Upon motion of any party, the court will refer the case to a magistrate judge to conduct a settlement conference / mediation.

23.  If the case settles before trial and the court does not receive a proposed final order within thirty (30) days after the court received oral or written notification of the settlement, the court will dismiss the case with prejudice and retain jurisdiction to enforce the settlement if any party so moves within sixty (60) days of the entry of the dismissal order.

It is so **ORDERED**.

Entered: March 31, 2022

Michael F. Urbanski
Chief U.S. District Judge
2022.03.31 11:18:16
-04'00'

Michael F. Urbanski
Chief United States District Judge